**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARDO MARIN,**

          **Plaintiff,**

-vs-                                               **Case No. 6:07-cv-461-Orl-31GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

## ORDER

On January 23, 2008, Magistrate Judge Dietrich entered a Report and Recommendation (Doc. 14), recommending that the Decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits be AFFIRMED. Plaintiff filed timely objections to the Report (Doc. 17) and the Government responded (Doc. 18). Upon *de novo* review of the above, this Court declines to adopt the recommendation of the Magistrate Judge, for the reasons set forth below.[1]

On August 2, 2006, a hearing was held before an Administrative Law Judge ("the ALJ") on Plaintiff Leonardo Marin's ("Marin") claim for disability insurance benefits. Marin argues that he was prejudiced at that hearing by the decision of the ALJ to prohibit Marin's attorney from asking

---

[1] This Court adopts by reference the factual and procedural histories as stated in the Report and Recommendation, as well as the Standard of Review described therein.

the vocational expert, Ms. Jane Beougher[2], anything other than hypothetical questions. In particular, Marin's attorney attempted to cross-examine Ms. Beougher regarding the factual basis of the statistics she was testifying about and the ALJ told him to "[a]sk a hypothetical question if you are going to ask. If not, the hearing is over." (Rec. at 1053). When Marin's attorney indicated that he could not get the information he sought through hypothetical questions, the ALJ abruptly concluded the hearing.

The Government argues that the ALJ had the authority to limit cross examination, essentially in anyway he wished, pursuant to "The Hearings, Appeals and Litigation Law Manual (HALLEX)". (Doc. 18 at 2, 3). This manual is available through the Social Security Administration's website (www.ssa.gov) and appears to have been created by the agency. This Court is unaware of HALLEX's authoritative value, but in any event, it clearly does not trump the due process rights guaranteed by the United States Constitution.

The Government also cites numerous cases in support of the principal that the ALJ's questioning of a vocational expert is limited to hypothetical questions (Doc. 18 at 3).[3] These cases, however, are irrelevant here. The issue before this Court is not whether the ALJ was permitted to ask the vocational expert non-hypothetical questions, but whether Marin's attorney should have

---

[2] This expert was apparently selected and called by the Social Security Administration, pursuant to 20 C.F.R. § 404.1566(e).

[3]While the ALJ may interrogate an expert witness by use of hypothetical questions, he is not obliged to do so. HALLEX I-2-6-74(D), *available at* http://www.ssa.gov/OP-home/hallex/I-02/I-2-6-74.html. The use of hypothetical questions is an arcane procedure. The modern practice is to ask experts direct questions after establishing an appropriate foundation.

been permitted to ask direct questions when cross-examining that expert. This Court finds that the answer to that question is, unquestionably, "Yes."

It is indisputable that the ability to cross-examine witnesses is fundamental to due process. *See, e.g., Goldberg v. Kelly*, 397 U.S. 254, 269 (1969).[4]

> For two centuries past, the policy of the Anglo-American system of Evidence has been to regard the necessity of testing by cross-examination as a vital feature of the law. The belief that no safeguard for testing the value of human statements is comparable to that furnished by cross-examination, and the conviction that no statement (unless by special exception) should be used as testimony until it has been probed and sublimated by that test, has found increasing strength in lengthening experience.

*Greene v. McElroy*, 360 U.S. 474, 497 (1959)(internal citations and quotation marks omitted). The right to cross-examination, however, is a hollow one if it can be limited to asking only those questions that are consistent with those posed on direct examination.

The ALJ's decision to restrict cross-examination of the vocational expert witness to hypothetical questions was arbitrary and prevented Marin's counsel from conducting a meaningful cross-examination. The decision issued by the ALJ clearly relied on Ms. Beougher's testimony, and the credibility of that testimony was untested. (*See* Rec. at 26). Thus, the limitations placed on Marin's cross-examination was prejudicial. Even if, as the Government argues, further direct questioning would not have retrieved any additional information from Ms. Beougher, her inability to provide answers to counsel's questions would have brought her reliability into question. As any attorney knows, a witness' inability to answer a direct question is often valuable and probative evidence. It is, therefore

---

[4]The Administrative Procedures Act specifically provides for the right to cross examination as well. 5 U.S.C. § 556(d) (2007) ("A party is entitled to present his case or defense by oral or documentary evidence, to submit rebuttal evidence, and to conduct such cross- examination as may be required for a full and true disclosure of the facts.").

**ORDERED** that:

1.  The Report and Recommendation of the Magistrate Judge is **REJECTED**;

2.  The Decision by the Commissioner of Social Security regarding Plaintiff's entitlement to disability benefits is **REVERSED**;

3.  This matter is **REMANDED** to the Social Security Administration, pursuant to sentence four of 42 U.S.C. § 405(g), for re-hearing in light of this Order; and

4.  The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 28, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party